UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Sheri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Craig Reese | Nancy Fong |

**Proceedings:** **DEFENDANT ZIMMER AMERICA CORPORATION'S MOTION TO DISMISS** (Docket #20, filed February 22, 2013)

## I.     INTRODUCTION

On December 20, 2012, plaintiff CSI Electrical Contractors, Inc. ("CSI") filed the instant action against defendants Zimmer America Corporation ("Zimmer") and Bezner Analgen Und Maschinebau GmbH ("Bezner"). On February 11, 2013, plaintiff filed its First Amended Complaint ("FAC"). Plaintiff's complaint is styled as asserting the following claims for relief: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) restitution for unjust enrichment. On February 22, 2013, defendant Zimmer filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff filed an opposition on March 4, 2013, and Zimmer filed a reply on March 11, 2013. The Court held a hearing on March 25, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The present dispute arises out of plaintiff's furnishing and installing of electrical wiring systems, components, and services for a polyethylene terephthalate ("PET") recycling facility owned by Carbonlite Industries LLC ("Carbonlite"), in Riverside, California (the "project"). FAC ¶ 10. Carbonlite and Zimmer agreed that Zimmer would provide general contracting services for the project, and Zimmer in turn entered into an agreement with Bezner to supply the necessary recycling equipment. Id. ¶ 10. Originally, as a general contractor, Zimmer was responsible for paying subcontractors for the work they performed on the project. Id. ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

On March 11, 2011, Zimmer contacted plaintiff and requested that plaintiff submit a bid proposal for the project. Id. ¶ 11, Ex. A. Over the next few weeks, plaintiff submitted several bid proposals to Zimmer. Id. ¶ 12, Ex. B. On April 29, 2011, Bezner contacted plaintiff and accepted plaintiff's latest bid proposal, despite the fact that plaintiff had originally submitted these bids directly to Zimmer. Id. ¶ 13. Regardless, plaintiff entered into a subcontract with Bezner to furnish and install electrical wiring systems, components, and services pursuant to the plans and specifications for the project ("CSI Subcontract"). Id. ¶ 14, Ex. D. Under the terms of the CSI Subcontract, Bezner was obligated to pay plaintiff for its performance, although plaintiff alleges that its subcontract exists "pursuant to" Bezner's contract with Zimmer, and Zimmer's contract with Carbonlite. Id. ¶ 15. Plaintiff alleges that this "general contract" with Carbonlite obligates Zimmer and Bezner to perform labor and furnish material for the PET recycling installation in question. Id. ¶ 16. At some point during the project, Carbonlite and Zimmer modified their contract, plaintiff alleges, whereby Carbonlite would no longer pay Bezner, one of its subcontractors, through Zimmer. Id. ¶ 17, Ex. E.

During the course of plaintiff's performance on the project, plaintiff incurred extra work and related costs related to the design, engineering, and programming of the recycling machinery. Id. ¶ 18. Plaintiff submitted multiple change order requests to Bezner, demanding to be reimbursed in the amount of $447,090 for the additional work it performed. Id. ¶ 19, Ex. G. The amount was ultimately reduced to $434,778. Id. As plaintiff continued to complete its work on the project, it submitted multiple invoices to Bezner. Id. ¶ 20. On November 1, 2011, plaintiff submitted its final invoice to Bezner in the amount of $447,090, while simultaneously issuing a demand for payment to both Bezner and Zimmer. Id. ¶¶ 20–21, Exs. H, I.

On November 9, 2011, Zimmer submitted an invoice to Carbonlite demanding that payment be made directly to Zimmer, rather than to Bezner, in the amount of $446,644.29. Id. ¶ 22, Ex. J. Subsequently, on November 18, 2011, Carbonlite and Zimmer entered into an agreement whereby these parties agreed that Carbonlite would not pay the invoice due to problems with the recycling machinery that Bezner supplied. Id. ¶ 23, Ex. K. Additionally, Carbonlite agreed to not seek indemnification from Zimmer in the event that Carbonlite incurred any obligation to pay any of Bezner's various subcontractors, including CSI. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

Despite having fully performed all the conditions of the CSI Subcontract, plaintiff alleges that neither Zimmer nor Bezner have fully paid plaintiff for the work it performed. To date, plaintiff claims defendants owe it at least $545,766.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

    **A. Breach of Contract Claims**

In support of its breach of contract claim, plaintiff alleges that Zimmer was a party to the CSI Subcontract based on (1) an alleged agency relationship between Zimmer and Bezner; and (2) Zimmer's actions in initiating contract discussions, negotiating the CSI Subcontract with plaintiff, and receiving payment from Carbonlite for plaintiff's work on the project. See FAC ¶ 26; id. ¶ 13 (alleging that Zimmer and Bezner were "agents of one another and acting in conjunction in offering and accepting the contract," and that Zimmer was a party to the CSI Subcontract). Plaintiff further alleges that Zimmer breached the terms of the CSI Subcontract by failing to tender payment to plaintiff for its work performed on the project. Id. ¶ 27.

To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance of the contract, (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

defendant's breach, and (4) resulting damage. Reichert v. General Ins. Co. of America, 68 Cal. 2d 822, 830 (1968). Under California Civil Code § 1550, the essential elements of a contract are (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) sufficient cause or consideration.

Here, plaintiff fails to adequately allege the first element of a breach of contract claim: the existence of a contract between plaintiff and Zimmer. Plaintiff's FAC is devoid of allegations that an express contract exists between CSI and Zimmer. The CSI Subcontract that plaintiff consistently refers to in its FAC and Opposition identifies CSI and Bezner as the only parties to the contract, not Zimmer. See FAC Ex. D. Plaintiff has not pointed to any existing agreement, whether written or oral, that would bind Zimmer and obligate Zimmer to pay for plaintiff's performance on the project. Zimmer's conduct in initiating contract discussions and negotiating the bid proposals can be construed as preliminary negotiations at most, which standing alone do not give rise to a binding contract. See, e.g., Apablasa v. Merritt & Co., 176 Cal. App. 2d 719, 730 (1959) ("There is no meeting of the minds of the parties while they are merely negotiating as to the terms of an agreement to be entered into.").

Moreover, bare allegations that Bezner and Zimmer were "agents of one another" does not demonstrate why both should be bound to the CSI Subcontract, which plainly names only Bezner. Under California law, "a personal judgment for damages for breach of contract may not be obtained against a known agent of a disclosed principal." Sackett v. Wyatt, 32 Cal. App. 3d 592, 597 (1973). Because plaintiff expressly pleads that it believed that Zimmer and Bezner were acting as agents of one another, and that plaintiff entered into a contract with Bezner, plaintiff cannot also bind over Zimmer as Bezner's agent.

Since the Court finds that plaintiff fails to plead the existence of a contract between plaintiff and Zimmer, plaintiff's claim for breach of the implied covenant of good faith and fair dealing also fails. See Racine & Laramie, LTD., Inc. v. Dept. of Parks and Rec., 11 Cal. App. 4th 1026, 1031 (1992) ("There is no obligation to deal fairly or in good faith absent an existing contract."). Accordingly, the Court grants defendant Zimmer's motion to dismiss plaintiff's breach of contract and breach of the implied covenant claims without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

### B. Restitution for Unjust Enrichment

Plaintiff's remaining claim is for restitution under a theory of unjust enrichment. In particular, plaintiff alleges that it submitted invoices for its work on the project to Bezner. Id. ¶ 39. Bezner then submitted its own invoices—which also included payment demands for work that plaintiff had performed—to Zimmer or Carbonlite. Id. After receiving these invoices, Carbonlite made some payments directly to Zimmer and some directly to Bezner for the services that each had performed. Id. In addition, plaintiff alleges that Carbonlite made "some payments" to Zimmer with the intent that Zimmer would pay Bezner for various invoices that Bezner submitted; these invoices were among those that included demands for payment related to work that plaintiff had performed. Id.

However, plaintiff alleges that neither Bezner nor Zimmer fully paid plaintiff for the services it performed, as set forth in the pertinent invoices. Id. ¶¶ 39–40. Thus defendants have been unjustly enriched, plaintiff alleges, by wrongly receiving and retaining a benefit at plaintiff's expense. Id. ¶ 40.

In the absence of an express contract between two parties, a plaintiff may nonetheless be able to recover under a theory of unjust enrichment or quasi-contractual recovery. In particular, "[w]here a person obtains a benefit that he or she may not justly retain, the person is unjustly enriched." 1 Witkin, Summary of Cal. Law Contracts, § 1013 (10th ed. 2005). "The quasi-contract, or contract 'implied in law' is an obligation . . . created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money." Id. One who has been unjustly enriched at the expense of another may be required to make restitution. California Federal Bank v. Matreyek, 8 Cal. App. 4th 125, 132 (1992) (citing Rest., Restitution § 1).

Thus, to obtain restitution based on this theory, a plaintiff must allege that (1) the defendant was enriched by a benefit, and (2) it was unjust for the defendant to retain the benefit. A benefit is broadly defined as "any type of advantage." County of Solano v. Vallejo Redevelopment Agency, 75 Cal. App. 4th 1262, 1278 (1999) (citing Rest., Restitution § 1, comment b). As such, "[f]or a benefit to be conferred, it is not essential that money be paid directly to the recipient by the party seeking restitution." Matreyek, 8 Cal. App. 4th at 132. Indeed, any recipient of a benefit "with knowledge of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

circumstances surrounding the unjust enrichment may be obligated to make restitution" to the aggrieved party. County of Solano, 75 Cal. App. 4th at 1279; see also First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1668 (1992) ("a person's notice of the circumstances giving rise to unjust enrichment affects that person's obligation to make restitution").

However, even if one receives a benefit from another, he is required to make restitution "only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." Id., comm. c. Thus, a plaintiff must allege that "the benefits were conferred by mistake, fraud, coercion, or request; otherwise, though there is enrichment, it is not unjust." 1 Witkin, Summary of Cal. Law Contracts, § 1020, p. 1109 (10th ed. 2005).

Based on the foregoing principles, the Court finds that plaintiff fails to state a claim based in quasi-contract against Zimmer. Contrary to defendant's argument, to the extent that there exists no contract between plaintiff and Zimmer, plaintiff could proceed on a theory of unjust enrichment.[1] In particular, plaintiff alleges that Carbonlite paid a certain sum of money to Zimmer, with the intention that Zimmer would convey this sum to Bezner as payment for the services that Bezner and plaintiff had rendered. However, plaintiff fails to allege how any retention by Zimmer was wrongful, as plaintiff only alleges that Carbonlite intended for the money to go to Bezner—not plaintiff. Without

---

[1] Defendant cites to a California Court of Appeal case for the proposition that "there is no cause of action in California for unjust enrichment. . . . Unjust Enrichment is a general principal, underlying various legal doctrines and remedies, rather than a remedy itself." Melchior v. New Line Productions, Inc., 106 Cal. App. 4th 779, 793 (2003). However, the California Supreme Court has held that a party may state a claim for unjust enrichment in order to seek restitution where other remedies are inadequate. Ghirado v. Antonioli, 14 Cal. 4th 39, 50 (1996). Relatedly, "[u]njust enrichment is typically sought in connection with a 'quasi-contractual' claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract." McBridge, 123 Cal. App. 4th at 388. Because plaintiff may be able to assert a quasi-contractual claim based on a theory of unjust enrichment, the Court finds that plaintiff's claim should not be dismissed on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876-CAS (AJWx) | Date | March 25, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS, INC. V. ZIMMER AMERICA CORPORATION, ET AL. | | |

any allegation that Carbonlite had any intention that its payment would be conveyed directly to plaintiff, rather than simply to Bezner, the Court fails to see how Zimmer "wrongfully received" a benefit at plaintiff's expense. And alternatively, plaintiff does not allege what benefit, if any, plaintiff conferred upon Zimmer such that restitution would be appropriate. Accordingly, the Court dismisses this claim without prejudice.

## V.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant Zimmer's motion to dismiss without prejudice. Plaintiff shall have **thirty days (30)** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in the dismissal of Zimmer from this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |